RECEIPT # 53115
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 1-27-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JAN 27 P 2: 19

|  |  |
|---|---|
| RICHARD W. SETTIPANE, II, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| THE UNITED STATES ) | |
| OF AMERICA, ) | |
| *Defendant.* ) | 04 10188 |

MAGISTRATE JUDGE Alexander

## COMPLAINT FOR JUDICIAL REVIEW OF JEOPARDY ASSESSMENT PURSUANT TO 26 U.S.C. § 7429

### The Parties

1. Plaintiff, Richard W. Settipane, II, resides within this District, in North Reading, Massachusetts.

2. Defendant, the United States of America, is a body politic and is generally entitled to sovereign immunity. The United States of America has waived its immunity by the enactment of 26 U.S.C. § 7429.

### Jurisdiction and Venue

3. This is an action brought against the United States of America, pursuant to the provisions of 26 U.S.C. § 7429, for judicial review of a Jeopardy Assessment made against the plaintiff under Internal Revenue Code § 6862.

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1346(e) and 26 U.S.C. § 7429(b)(2)(A).

5. Venue is proper pursuant to 26 U.S.C. § 7429(e)(1), 28 U.S.C. § 1402(a)(1) and 28 U.S.C. § 1391(e).

Facts

6.  By letter dated September 29, 2003, Area Director Stephen L. Daige of the United States Internal Revenue Service notified the plaintiff that he approved a jeopardy assessment, under Internal Revenue Code § 6862, against the plaintiff in the amount of $1,580,972, plus penalties in the amount of $1,185,733, stating: "I have found you may be designing to quickly place your property beyond the reach of the Government and that your financial solvency appears to be imperiled, thereby tending to render ineffectual collection of wagering tax for the periods January 1, 1997, through December 31, 2002[.]"

7.  Area Director Daige's findings were based upon three pieces of information, none of which provide a reasonable basis for the imposition of a jeopardy assessment under the circumstances, and the amount so assessed is inappropriate under the circumstances.

8.  On October 13, 2003, plaintiff, through counsel, requested a review of the jeopardy assessment, pursuant to 26 U.S.C. § 7429(a)(2). The Internal Revenue Service thereafter informed plaintiff's counsel that the jeopardy assessment was determined to be reasonable and appropriate.

## COUNT I
(Request for Abatement of Jeopardy Assessment)

9.  Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 8 herein.

10. Plaintiff requests that, pursuant to 26 U.S.C. § 7429(b)(4), the Court (1) determine that the making of the assessment was unreasonable; (2) order an abatement of the assessment; and (3) take such other action as the Court finds appropriate.

11.    Plaintiff requests that, in accordance with 26 U.S.C. § 7429(b)(3), the Court make its determination within 20 days of the date hereof, unless such period is extended by order of the Court, pursuant to 26 U.S.C. § 7429(c).

COUNT II
(Request for Redetermination of Amount Assessed)

12.    Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 11 herein.

13.    In the alternative, and without waiving the requests contained in Count I herein, plaintiff requests that, pursuant to 26 U.S.C. § 7429(b)(4), the Court (1) redetermine (in whole or in part) the amount assessed; (2) order an abatement of the amount assessed in accordance with the Court's redetermination; and (3) take such other action as the Court finds appropriate.

14.    Plaintiff requests that, in accordance with 26 U.S.C. § 7429(b)(3), the Court make its redetermination within 20 days of the date hereof, unless such period is extended by order of the Court, pursuant to 26 U.S.C. § 7429(c).

WHEREFORE, plaintiff requests that the Court enter judgment against the defendant granting the relief requested herein, award plaintiff his attorneys' fees and costs, and grant such further relief as the Court deems equitable.

RICHARD W. SETTIPANE, II,
By his attorneys,

DiMENTO & SULLIVAN

Dated: January 27, 2004

Francis J. DiMento
BBO NO. 125000
Jason A. Kosow
BBO NO. 644701
7 Faneuil Marketplace, 3rd Floor
Boston, MA 02109-1649
Tel. (617) 523-2345

- 3 -