UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
RICHARD W. SETTIPANE, II               )
                                       )
                Plaintiff,             )    Case No.: 04-10188-REK
                                       )
v.                                     )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                Defendant.             )
                                       )
_____)

## UNITED STATES' ANSWER

The United States of America, through its undersigned counsel, hereby answers the Complaint for Judicial Review of Jeopardy Assessment Pursuant to 26 U.S.C. § 7429. The United States answers the numbered paragraphs of the Complaint as follows:

1. Plaintiff, Richard W. Settipane, II, resides within this District, in North Reading, Massachusetts.

**ANSWER**:    The United States admits.

2. Defendant, the United States of America, is a body politic and is generally entitled to sovereign immunity. The United States of America has waived its immunity by the enactment of 26 U.S.C. § 7429.

**ANSWER**: The United States admits that it is the sovereign and to the extent that it has waived its sovereign immunity, it has done so pursuant to 26 U.S.C. § 7429.

3. This is an action brought against the United States of America, pursuant to the provisions of 26 U.S.C. § 7429, for judicial review of a Jeopardy Assessment made against the plaintiff under Internal Revenue Code § 6862.

**ANSWER**: The United States admits.

    4.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1346(e) and 26 U.S.C. § 7429(b)(2)(A).

**ANSWER**: The United States admits.

    5.    Venue is proper pursuant to 26 U.S.C. § 7429(e)(1), 28 U.S.C. § 1402(a)(1) and 28 U.S.C. § 1391(e).

**ANSWER**: The United States admits.

    6.    By letter dated September 29, 2003, Area Director Stephen L. Daige of the United States Internal Revenue Service notified the plaintiff that he approved a jeopardy assessment, under Internal Revenue Code § 6862, against the plaintiff in the amount of $1,580,972, plus penalties in the amount of $1,185,733, stating: "I have found you may be designing to quickly place your property beyond the reach of the Government and that your financial solvency appears to be imperiled, thereby tending to render ineffectual collection of wagering tax for the periods January 1, 1997, through December 31, 2002[.]"

**ANSWER**: The United States admits.

    7.    Area Director Daige's findings were based upon three pieces of information, none of which provide a reasonable basis for the imposition of a jeopardy assessment under the circumstances, and the amount so assessed is inappropriate under the circumstances.

**ANSWER**: The United States admits that on the face of the correspondence dated September 23, 2003, three bases are stated, however, the United States avers that the correspondence includes a five page single spaced narrative providing additional information to the plaintiff. The United States denies the remainder of the allegations in paragraph 7 of the Complaint.

    8.    On October 13, 2003, plaintiff, through counsel, requested a review of the jeopardy assessment, pursuant to 26 U.S.C. § 7429(a)(2). The Internal Revenue Service thereafter informed plaintiff's counsel that the jeopardy assessment was determined to be reasonable and appropriate.

**ANSWER**:  The United States admits.

COUNT I
(Request for Abatement of Jeopardy Assessment)

    9.    Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 8 herein.

**ANSWER**: The United States repeats its answers to paragraphs 1 through 8 of the Complaint in response to this paragraph.

    10.    Plaintiff requests that, pursuant to 26 U.S.C. § 7429(b) (4), the Court (1) determine that the making of the assessment was unreasonable; (2) order an abatement of the assessment; and (3) take such other action as the Court finds appropriate.

**ANSWER**: Paragraph 10 of the Complaint is a request for relief by the Plaintiff to which no response is required.

    11.    Plaintiff requests that, in accordance with 26 U.S.C. § 7429(b)(3), the Court make its determination within 20 days of the date hereof, unless such period is extended by order of the Court, pursuant to 26 U.S.C. § 7429(c).

**ANSWER**: Paragraph 11 of the Complaint is a request for relief by the Plaintiff to which no response is required.

COUNT II
(Request for Redetermination of Amount Assessed)

    12.    Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 11 herein.

**ANSWER:**  The United States repeats its answers to paragraphs 1 through 11 of the Complaint in response to this paragraph.

    13.    In the alternative, and without waiving the requests contained in Court I herein, plaintiff requests that, pursuant to 26 U.S.C. § 7429(b)(4), the Court (1) redetermine (in whole or in part) the amount assessed; (2) order an abatement of the amount assessed in accordance with the Court's redetermination; and (3) take such other action as the Court finds appropriate.

**ANSWER:**  Paragraph 13 of the Complaint is a request relief by the Plaintiff to which no response is required.

    14.    Plaintiff requests that, in accordance with 26 U.S.C. §7429(b)(3), the Court make

its redetermination within 20 days of the date hereof, unless such period is extended by order of the Court, pursuant to 26 U.S.C. §7429(c)).

**ANSWER:** Paragraph 14 of the Complaint is a request for relief by the Plaintiff to which no response is required.

WHEREFORE, the United States requests this Court dismiss the complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant U.S. Attorney

     /S/ Glenn J. Melcher
GLENN J. MELCHER
STEPHEN J. TURANCHIK
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephones:   (202) 307-6573
              (202) 307-6565
Facsimile: (202) 514-5238
Glenn.J.Melcher@usdoj.gov
Stephen.J.Turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 12th day of February, 2004:

> Francis J. DiMento, Esq.
> DiMento & Sullivan
> 7 Faneuil Marketplace, 3rd Floor
> Boston, MA 02109

>     /S/ Glenn J. Melcher
> GLENN J. MELCHER
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephones:    (202) 307-6573