UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD W. SETTIPANE, II, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>THE UNITED STATES )<br>OF AMERICA, )<br>    *Defendant*. )<br> | CIVIL ACTION NO. 04-10188-REK |

## PLAINTIFF'S PRETRIAL MEMORANDUM

The plaintiff, in support of his Complaint for Judicial Review of Jeopardy Assessment pursuant to 26 U.S.C. § 7429, relies primarily on his supporting memorandum submitted to the Court on February 13, 2004. Plaintiff herein supplements his prior memorandum to address points raised in the government's pretrial memorandum.

The government raises for the first time in its Pretrial Memorandum the fact that on July 12, 2001, the plaintiff (who had previously held title solely in his name) transferred the Settipane's family residence to himself and his wife as tenants by the entirety. (United States of America's Pretrial Memorandum at 3.) This stated justification for imposition of the jeopardy assessment did not appear in the Notice of Jeopardy Assessment sent to the plaintiff in September, 2003 (see Notice of Jeopardy Assessment, Exhibit A to Plaintiff's Memorandum filed 2/13/04).

As with the transfer in June, 2003, the July, 2001, transfer was done for the sole purpose of refinancing the Settipanes' home mortgage at the most favorable rate. During the Spring of 2001, the Settipanes decided to build an addition onto their family home. In order to pay for the

construction costs, in May, 2001, the Settipanes sought to refinance their mortgage and consulted with Ralph Valentine of Best Mortgage Company, Inc., in Derry, New Hampshire. After reviewing available loan programs, as well as the Settipanes' credit histories and employment histories, Mr. Valentine informed the Settipanes that they would qualify for a more favorable mortgage if Mrs. Settipane were also a titleholder. The loan program that best suited the Settipanes required that the borrower be a titleholder prior to the date of the mortgage application. Therefore, on July 12, 2001, the Settipanes' family home was deeded from Mr. Settipane to Mr. and Mrs. Settipane as tenants by the entirety. The deed was subsequently put on record, and on July 16, 2001, the Settipanes tendered their mortgage application to Mr. Valentine. The refinance transaction closed on August 8, 2001.

In the case of the plaintiff's alleged participation in destruction of gaming records on November 29, 1999, that event occurred nearly <u>four years</u> before the government issued its Notice of Jeopardy Assessment on September 29, 2003. Considering the length of time between the November, 1999, raid and the September, 2003, Jeopardy Assessment, there is no reasonable justification for the government's claiming on that basis that the plaintiff "may be designing to <u>quickly</u> place [his] property beyond the reach of the Government[.]" (See Notice of Jeopardy Assessment at 1, Exhibit A to Plaintiff's Memorandum filed 2/13/04) (emphasis added). Similarly, after the November, 1999, raid, over one and one-half years passed before the plaintiff's July 12, 2001, transfer of the family residence to himself and his wife as tenants by the entirety, and then another <u>two years</u> passed before the government issued its Notice of Jeopardy Assessment. This belies the government's position that the plaintiff "may be designing to <u>quickly</u> place [his] property beyond the reach of the Government[.]" (See Notice of Jeopardy Assessment at 1, Exhibit A to Plaintiff's Memorandum filed 2/13/04) (emphasis added).

The government refers to the Settipanes' family residence as their "only known significant asset" and makes much of the fact that Mr. Settipane transferred interest in the residence twice. (See United States of America's Pretrial Memorandum at 10.) As explained above, and in plaintiff's prior memorandum, these two refinance transactions had nothing to do with secreting away interest in the family home or designing to "quickly place [it] beyond the reach of the Government[.]" The Settipanes have three young children ages 10, 6 and 1. The Settipane's house, which they expanded in 2001, is just that, their family residence—they have no intention of moving, selling the house or otherwise transferring title in the house outside the family.

In sum, both transfers had wholly innocent purposes—to obtain more favorable interest rates on the mortgage loans. Moreover, the government relies on facts going back several years to suggest that there was, and now is, an <u>immediate</u> need to assess and levy on the taxes in dispute. The government's reliance on years-old facts belies its position that there is, or has ever been, some imminent threat to its ability to reach the Settipanes' only significant asset, their family home.

By his attorneys,

DiMENTO & SULLIVAN

 /s/  Jason A. Kosow
Francis J. DiMento
BBO No. 125000
Jason A. Kosow
BBO No. 644701
7 Faneuil Marketplace, 3rd Floor
Boston, MA 02109-1649
Tel. (617) 523-2345

Dated:  August 27, 2004

- 3 -