UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. SETTIPANE, II )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Case No.: 04-10188-REK |

**UNITED STATES OF AMERICA'S
MOTION *IN LIMINE*** 

    This is an action brought by the plaintiff, pursuant to 26 U.S.C. § 7429(b), seeking judicial review of a jeopardy assessment made against him pursuant to 26 U.S.C. § 6862.  The determination to be made by the Court is whether the making of the assessment is reasonable under the circumstances and whether the amount assessed is appropriate under the circumstances.  *See* 26 U.S.C. § 7429(b)(3).  The general test for reasonableness is whether (1) the taxpayer is or appears to be designing to leave the United States or to conceal him or herself, (2) the taxpayer is or *appears* to be designing to hide, transfer, conceal, or dissipate his assets, or (3) the taxpayer's financial solvency *appears* to be imperiled.  *Wellek v. United States*, 324 F. Supp. 2d 905, 912 (N.D. Ill. 2004) (emphasis added), *citing, Nolan v. United States,* 539 F. Supp. 788, 790 (D.C.Ariz.1982).   The United States of America submits this motion *in limine* to exclude presentation at trial of any evidence that the plaintiff was not *actually* designing to hide, transfer, conceal or dissipate his assets or that his financial solvency was not *actually* imperiled.

1

In determining the reasonableness of a jeopardy assessment, ***appearances*** are what count. *Wellek v. United States*, 324 F. Supp. 2d at 911 ("[t]he government only needs to prove that the circumstances appear to jeopardize collection"); *Guillaume v. Commissioner*, 290 F. Supp. 2d 1349, 1354 (S.D. Fla. 2003) (same); *Miller v. United States*, 615 F. Supp. 781, 786 (N.D. Ohio 1985) (same) ; *Cantillo v. Coleman*, 559 F. Supp. 205, 207 (D.N.J. 1983) (same).

Any evidence purporting to establish the plaintiff's actual design or purpose in hiding, transferring, concealing or dissipating his assets or the actual state of his financial affairs, therefore, is not relevant and should be excluded. *Bean v. United States*, 618 F. Supp. 652, 658 (D. Ga. 1985) ("[w]hether [the plaintiff] in fact intended to depart the country, liquidate his assets and thereby avoid payment of his taxes is irrelevant"); *see Cantillo*, 559 F. Supp. at 207 ("the Government need only establish that the taxpayer's circumstances appear to be jeopardizing collection of a tax--not whether they definitely do so"); *Guillaume*, 290 F. Supp. 2d at 1354 ("The question ultimately is not whether the taxing authority was correct but whether the assessment was reasonable under the circumstances); Miller, 615 F. Supp. at 786 (same); Serpa v. United States, No. CV81-L-17, 1981 WL 1759, at *3 (D. Neb. Mar. 12, 1981) ("it is not essential that every fact upon which the determination is based be proven accurate in a subsequent judicial proceeding in order for that determination to be reasonable").

Accordingly, the testimony of all of the plaintiff's witnesses should be excluded to the extent that such testimony addresses the plaintiff's alleged actual design or purpose in hiding, transferring, concealing or dissipating his assets or his actual financial health.

For the same reason, the following proposed exhibits of the plaintiff should be excluded, to the extent that those exhibits will be used to show the plaintiff's alleged actual design or purpose in hiding, transferring, concealing or dissipating his assets or his actual financial health, as not

relevant to the determination to be made by the Court:

    Best Mortgage Refinance File (Leca Settipane, Borrower - 2001)

    Uniform Residential Loan Application of Leca Settipane dated 4/20/03

WHEREFORE the United States of America requests the Court exclude at trial testimony of any of plaintiff's witnesses and exhibits to the extent that such testimony or exhibits address the plaintiff's alleged actual design or purpose in hiding, transferring, concealing or dissipating his assets or his actual financial health.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    BARBARA HEALY SMITH
    Assistant U.S. Attorney


      /S/ Glenn J. Melcher
    GLENN J. MELCHER
    MATTHEW C. HICKS
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C.  20044
    Telephones:   (202) 307-6573
                   (202) 307-6542
    Facsimile: (202) 514-5238
    Glenn.J.Melcher@usdoj.gov
    Matthew.C.Hicks@usdoj.gov

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I HEREBY CERTIFY that I have conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issue presented by the UNITED STATES OF AMERICA'S MOTION *IN LIMINE*, but that no agreement was reached.

    /S/ Glenn J. Melcher
GLENN J. MELCHER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephones: (202) 307-6573

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that, on this 17th day of September, 2004, a copy of the foregoing UNITED STATES OF AMERICA'S MOTION *IN LIMINE* was filed electronically. Notification of this filing will be sent to each counsel via the electronic filing system. A copy of this document will also be sent to the following counsel of record by facsimile.

    Francis J. DiMento, Esq.
    Jason Kosow, Esq.
    DiMento & Sullivan
    7 Faneuil Marketplace, 3rd Floor
    Boston, MA 02109

    /S/ Glenn J. Melcher
    GLENN J. MELCHER
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C. 20044
    Telephones: (202) 307-6573